UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRUCE J. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:06-cv-0182-DFH-TAB |
| | ) | |
| KONE INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Bruce J. Young has sued his former employer KONE Inc. for terminating his employment based on his age.  KONE has moved for summary judgment.  KONE argues that it laid Young off because it lacked work for him, not because of his age.  The decision to lay-off Young was made by Scott Burgess. Burgess testified that he had never received any training on employment laws and knew nothing about the federal Age Discrimination in Employment Act.

As part of his response, Young has come forward with evidence that includes an affidavit from Gary Herrington, a former KONE employee, who testified:  "In or about January 2005, I heard Scott Burgess say that the reason he terminated Bruce Young's employment was because Bruce Young 'was older, slow and had a bad back.'"  Pl. Ex. 10.  In other words, Young has come forward with admissible evidence that the decision-maker acknowledged an illegal motive

to discriminate on the basis of age.  See, *e.g., Mojica v. Gannett Co.*, 7 F.3d 552, 561 (7th Cir. 1993) (*en banc*) (holding that evidence of similar statement by decision-maker was sufficient to support plaintiff's verdict for employment discrimination).

KONE replies that the Herrington affidavit is "transparent" and lacks credibility.  KONE also contends that the Herrington affidavit is inconsistent with the deposition testimony of Young and Burgess.  At the summary judgment stage, KONE proves nothing by pointing to the conflict between the Herrington affidavit and Burgess's deposition testimony.  It's axiomatic that the court, in deciding a motion for summary judgment, may not make credibility determinations, weigh the evidence, or choose from among different reasonable inferences that might be drawn from the evidence.  *Paz v. Wauconda Healthcare and Rehabilitation Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006) (reversing summary judgment); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (reversing summary judgment). "[B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

There is also no direct conflict between the Herrington affidavit and Young's deposition testimony.  Young testified that he had not personally heard Burgess make such a statement about him or anyone else.  That evidence might have some

effect on the weight and credibility of Herrington's testimony, but it does not show

that Herrington could not reasonably believed.  The evidence presents a genuine

issue of material fact as to Burgess's and KONE's motives in laying off plaintiff

Young.

Accordingly, the defendant's motion for summary judgment is hereby

denied.  Defendant's motion for oral argument is also denied.  In light of the

Herrington affidavit, other more complex issues that might benefit from oral

argument would not affect the final decision.  Trial remains scheduled for August

6, 2007.

So ordered.

Date: April 10, 2007

_David F Hamilton_
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Stephen S. Muhich
DYKEMA GOSSETT PLLC
smuhich@dykema.com

Joseph Andrew Samreta
BURKE COSTANZA & CUPPY LLP
samreta@bcclegal.com

Steven  Sams
SMITH & WADE
ssams@smithwade.net